[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13919

Non-Argument Calendar

_____

ISRAEL MARCOS MIRANDA GOMES,
JESSICA DE OLVEIRA GOMES,
YASMYN OLVEIRA MIRANDA GOMEZ,

                                                    Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A240-567-769

_____

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Israel Marcos Miranda Gomes[1] seeks review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his applications for asylum under the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 1208.16(c).  Miranda Gomes argues that the BIA erred in dismissing his appeal and in finding that he did not qualify for asylum.  The government moves for summary disposition.  After careful review, we grant the government's motion.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Miranda Gomes, a native and citizen of Brazil, arrived in the United States in January 2022.  The Department of Homeland Security later charged him as removable as a noncitizen who entered the United States without being admitted or paroled.  After obtaining counsel, Miranda Gomes conceded that he was removable and applied for asylum, withholding of removal, and protection under the CAT.

---

[1] Miranda Gomes is the lead petitioner in this case, and his wife and daughter are derivative petitioners.  References throughout to Miranda Gomes refer to the family unit together except where otherwise noted.

As relevant here, Miranda Gomes' applications argued that he was eligible for asylum based on his membership in a particular social group ("PSG"), which he defined as "Small Business Owners in Brazil." He explained that he had been the owner of a restaurant and that drug traffickers had come to his restaurant and asked him to store guns, ammunition, and drugs for them. He added that, after he refused the traffickers' demands, they watched his business, threatened his family, robbed him, and told him that he could not operate his restaurant anymore.

After a hearing, an IJ denied Miranda Gomes' applications. The IJ first found that the harm Miranda Gomes had suffered did not rise to the level of "persecution" under the INA. It then addressed Miranda Gomes' PSG. It noted that a cognizable PSG must be "(1) composed of members who share a common immutable characteristic; (2) defined with particularity; and (3) socially distinct within the society in question." As relevant, the IJ concluded that Miranda Gomes' proposed PSG was not cognizable because it failed the third of these prongs—i.e., because there was "insufficient evidence . . . to show that small business owners in Brazil are socially distinct . . . ."

The IJ independently found that there was not sufficient evidence to show that Miranda Gomes' mistreatment had a "nexus" to his proposed PSG. In other words, it reasoned that there was insufficient evidence that Miranda Gomes faced mistreatment because he was a small business owner in Brazil. The IJ also denied

Miranda Gomes' applications for withholding of removal under the INA and for relief under the CAT.

Miranda Gomes administratively appealed the IJ's decision, still represented by counsel. He did not file a brief in support of his appeal. Instead, he made several arguments in his notice of appeal. As relevant, he contested the IJ's rulings about his proposed PSG by: (1) arguing that his proposed PSG was "immutable" because he should not be required to change his status as a business owner; and (2) arguing that his proposed PSG was "defined with particularity, [because] it is clear who is in and out of the group." However, he did not make any arguments about whether his proposed PSG was socially distinct. He also argued that there was "a nexus" between the mistreatment he suffered and his membership in the proposed PSG.

A temporary appellate immigration judge of the BIA dismissed Miranda Gomes' administrative appeal. The BIA first noted that the arguments in Miranda Gomes' notice of appeal only challenged the denial of his asylum application and had raised no issue related to the denial of his applications for withholding of removal under the INA and for relief under the CAT. It therefore concluded that the denials of those applications were not preserved for its review.

Next, the BIA noted that Miranda Gomes' statement of reasons had "not challenge[d]" the IJ's finding that his proposed PSG lacked social distinction in Brazil. It reasoned that this "dispositive issue [wa]s not preserved for review."

The BIA concluded that, in any event, Miranda Gomes' proposed PSG was "invalid as a matter of law because small business ownership is not an 'immutable' characteristic." The BIA ultimately ruled that the IJ properly denied Miranda Gomes' application for asylum "because [Miranda Gomes] did not establish membership in a cognizable [PSG] or demonstrate that he suffered or fears persecution on account of any other protected belief or characteristic."

Miranda Gomes timely petitioned for review of the BIA's decision. After he filed his initial brief, the government moved for summary disposition or, in the alternative, for an extension of time to file its response brief. For the reasons set forth below, we affirm the BIA's decision.

## II. DISCUSSION

On appeal, Miranda Gomes argues that his membership in his proposed PSG, small business owners in Brazil, is "immutable" and "cannot be changed." He explains that "[h]is small business is his method of providing for his family" and he contends that "he should not be required to sell or abandon his business because people seek to persecute him" for running it. He also argues that his proposed PSG is defined with particularity, as it has "high social visibility" and "it is clear who is in and out of the group." He further contends that he suffered past persecution, and will suffer future persecution, on account of his membership in this PSG. The government, in turn, moves for summary disposition, arguing that

Miranda Gomes cannot prevail because he has abandoned or failed to exhaust all dispositive issues.

We review only the decision of the BIA, except to the extent that the BIA expressly adopted the decision of the IJ. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). In deciding whether to uphold the BIA's decision, we are limited to the grounds upon which the BIA relied. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) ("We do not consider issues that were not reached by the BIA.").

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).[2]

The Attorney General has the authority to grant asylum to a noncitizen who meets the INA's definition of "refugee." INA § 208(b)(1)(A), 8 U.S.C. § 1158(b)(1)(A). A refugee is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail him or

---

[2] All Fifth Circuit decisions issued by the close of business on September 30, 1981, are binding precedent in this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

> herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, *membership in a particular social group*, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A) (emphasis added).

In determining whether a social group satisfies the INA's definition of "particular social group," we have historically looked to BIA precedent, which has held that a proposed social group is cognizable where: (1) its members share "a common, immutable characteristic"; (2) the group is "socially distinct within the society in question"; and (3) the group is "defined with particularity." *Gonzalez*, 820 F.3d at 404 (first quoting *Matter of Acosta*, 19 I. & N. Dec. 211, 212 (BIA 1985); and then quoting *Matter of M-E-V-G*, 26 I. & N. Dec. 227, 237 (BIA 2014)).[3]

A noncitizen who fails to argue an issue in his initial appellate brief, however, abandons it. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). To preserve an argument, "[a] party must 'specifically and clearly identif[y]' a claim in its brief, for instance by devoting a discrete section of its argument to that

---

[3] In this case, we do not reach whether Miranda Gomes' proposed PSG meets the INA's definition of a "particular social group." We note that Miranda Gomes has not argued that our precedent interpreting that phrase has been abrogated or overruled by recent Supreme Court precedent, *see Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024) (overturning *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984)), nor has he moved to file a supplemental brief along those lines. We accordingly do not address that issue here either.

claim . . . ." *Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1316 n.3 (11th Cir. 2013) (alterations in original) (quoting *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)).

Section 1252(d)(1) of the INA provides, in relevant part, that a court can review a final order of removal only if the noncitizen "has exhausted all administrative remedies available to the [noncitizen] as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). We have held that "[a] petitioner has not exhausted a claim unless he has both raised the core issue before the BIA, and also set out any discrete arguments he relies on in support of that claim." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) (citations and internal quotations omitted), *overruled in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411, 419-23 & n.2 (2023).[4] However, exhaustion is "not a stringent requirement." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015), *overruled in part on other grounds by Santos-Zacaria*, 598 U.S. at 419-23 & n.2. "Simply put, petitioners must have previously argued the 'core issue now on appeal' before the BIA." *Id.* (quoting *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1228 n.3 (11th Cir. 2008)). Section 1252(d)(1), as a claims-processing rule, is generally applied when it has been asserted by a party. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023).

---

[4] In 2023, the Supreme Court held that the obligation to exhaust administrative remedies in § 1252(d)(1) is a claims-processing rule, not a jurisdictional limitation, and is subject to waiver and forfeiture, overturning our prior precedent to the contrary. *Santos-Zacaria*, 598 U.S. at 419-23 & n.2.

Here, we grant the government's motion for summary disposition because the government "is clearly right as a matter of law" that Miranda Gomes has abandoned or failed to exhaust the dispositive issues in his petition for review. *Groendyke Transp.*, 406 F.2d at 1161-62.[5]

Miranda Gomes' brief only addresses the agency's denial of his asylum application. He has not made any argument in his brief about the agency's denial of his applications for withholding of removal under the INA and protection under the CAT. Thus, the government is clearly correct that any challenge to the agency's withholding of removal decision and its denial of CAT relief are abandoned. *Sepulveda*, 401 F.3d at 1228 n.2; *Zhu*, 703 F.3d at 1316 n.3.

Moreover, even though Miranda Gomes challenges the denial of his asylum application, he does not challenge the BIA's ruling that he had failed to challenge, in his notice of appeal, the IJ's finding that his PSG lacked social distinction, or the BIA's determination that the failure to challenge that finding was dispositive. Therefore, Miranda Gomes' has abandoned any challenge to the BIA's conclusions in this respect. *Sepulveda*, 401 F.3d at 1228 n.2; *Zhu*, 703 F.3d at 1316 n.3; *see also Sapuppo v. Allstate Floridian Ins.*,

---

[5] A petitioner's failure to exhaust does not jurisdictionally bar us from reviewing a petition, *Kemokai*, 83 F.4th at 891, so we can decide abandonment and exhaustion issues in any order, *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." (quotation omitted)).

739 F.3d 678, 680 (11th Cir. 2014) (explaining that, to obtain reversal of a judgment "based on multiple, independent grounds," a party must challenge "every stated ground for the judgment against him").

The government is also correct that the arguments that Miranda Gomes raises on appeal are not exhausted. Before the BIA, Miranda Gomes argued that his proposed PSG was cognizable because it was immutable and defined with particularity. However, he did not assert that his proposed PSG was socially distinct. Even assuming his statement that "it is clear who is in and out of" his proposed PSG, was sufficient to present the "core issue" of social distinction to the BIA, Miranda Gomes did not present any "discrete arguments he relie[d] on in support of that claim." *Jeune*, 810 F.3d at 800. Accordingly, even if not abandoned, Miranda Gomes' arguments about his proposed PSG's social distinction are unexhausted, and the government has raised this claims processing rule. *Kemokai*, 83 F.4th at 891.

### III. CONCLUSION

In sum, the government is "clearly correct" that Miranda Gomes abandoned any challenge to the agency's denial of his applications for CAT relief and for withholding of removal. As for the agency's denial of asylum, the government is "clearly correct" that he failed to challenge the BIA's conclusion that he did not preserve the dispositive issue of his proposed PSG's social distinction, or argue that issue was not dispositive, and he failed to exhaust any challenge to the IJ's decision with respect to that issue as well. For

23-13919                Opinion of the Court                11

these reasons, we **GRANT** the government's motion for summary disposition and **DENY AS MOOT** its motion for an extension of time to file its response brief.

**PETITION DENIED.**